

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00039-CV

CITY OF WACO, TEXAS,

Appellant

v.

CASSANDRA PAGE AND
MATTHEW VASQUEZ,

Appellees

From the 170th District Court
McLennan County, Texas
Trial Court No. 2023-2210-4

## MEMORANDUM OPINION

Cassandra Page and Matthew Vasquez sued the City of Waco, Texas regarding the death of their dog, Finn. The City responded by filing a plea to the jurisdiction which was denied after a hearing. Because the City's immunity from suit was not waived, the trial court's "Order on Defendants' Plea to the Jurisdiction" is reversed.

### BACKGROUND

A Waco police officer responded to a 9-1-1 call reporting a home invasion in progress. Unknown to the officer, the City's GPS system gave the officer the wrong

address for the home invasion. When the officer arrived at the unknowingly wrong address, he saw that the back door to the residence was open. He approached the residence while holding his service weapon and announced, "Waco Police Department," at the back door. Five or six dogs charged out of that door. One of the dogs, a black labrador retriever named Finn, rushed toward the officer as the officer backed up. Finn continued to lunge and bark at the officer, forcing the officer to retreat into a side yard closed in by a fence behind him. The officer shot Finn, and Finn eventually died.

STANDARD OF REVIEW

In reviewing a grant or denial of a plea to the jurisdiction, we determine whether the plaintiff's pleadings, construed in favor of the plaintiff, allege sufficient facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Hearts Bluff Game Ranch v. State*, 381 S.W.3d 468, 476 (Tex. 2012); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 936 (Tex. 1988). Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Hearts Bluff*, 381 S.W.3d at 476 (Tex. 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

SOVEREIGN IMMUNITY

Generally, sovereign immunity deprives a trial court of jurisdiction over a lawsuit in which a party has sued the State or a state agency unless the Legislature has consented to suit. *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). Governmental immunity provides similar protections to the political subdivisions of the State, such as counties, cities, and school districts. *Id.* Although sovereign and governmental immunity are distinct, the terms are often used interchangeably. *Gulf Coast*

*Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022).

Two related but distinct principles of sovereign immunity are: immunity from suit and immunity from liability. *Id.* Immunity from suit, which is at issue here, implicates a court's subject matter jurisdiction for lawsuits in which the State or certain governmental units have been sued and is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020); *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012).

A plaintiff who sues the State or governmental unit must establish the State's or governmental unit's consent to suit. *Tex. DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Such consent must ordinarily be found in a constitutional provision or legislative enactment. *Gulf Coast Ctr.*, 658 S.W.3d at 284; *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003). In other words, a plaintiff must affirmatively demonstrate the court's jurisdiction by establishing a valid waiver of immunity. *Gulf Coast Ctr.*, 658 S.W.3d at 284.

While sovereign immunity does not necessarily bar a suit to vindicate constitutional rights, immunity from suit is not waived if the constitutional claims are facially invalid. *Klumb v. Hous. Mun. Emples. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). Further, the legislatively enacted Texas Tort Claims Act waives sovereign immunity from suits arising from (1) the negligent conduct of an employee if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment and if the employee would be personally liable to the claimant or (2)

personal injuries or death caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1), (2); *State Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Page's and Vasquez's trial pleadings mention constitutional provisions and potentially raise other claims which allegedly invoked the Texas Tort Claims Act.

**CAUSES OF ACTION**

*Article I, § 19*

In their first amended petition, Page and Vasquez title their first cause of action as one pursuant to Article I, § 19 of the Texas Constitution—Deprivation of Property. Generally, there is no private cause of action for damages relating to alleged violations of Texas constitutional rights. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex. 1995); *Donohue v. Dominguez*, 486 S.W.3d 50, 56 (Tex. App.—San Antonio 2016, pet. denied). But even if there is, in this case, Page and Vasquez do not allege that Article I, § 19, by itself, waives the City's immunity. Instead, they only mention Article I, § 19 as a means to bootstrap their way into the Texas Tort Claims Act by alleging that the "actions of killing Finn amounted to an unlawful seizure in violation of … Article I, § 19 of the Texas Constitution, *subjecting the department to liability under Texas Tort Claims Act 101.021(1) and 101.0215(a)(1).*" (Emphasis added). Creative pleading cannot be used to effect the loss or waiver of immunity, and simply mentioning a constitutional provision is not enough to effect a waiver. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 392 (Tex. 2011). Moreover, parties are not entitled to relief which they do not request.

*See id.* Thus, Page and Vasquez are not entitled to relief—that being, that the Texas Constitution independently waives the City's sovereign immunity—because they did not plead or establish an independent constitutional waiver of immunity.[1]

Even if Page and Vasquez were not seeking to allege an independent constitutional waiver of immunity, but instead, were pleading a statutory waiver of immunity, the sections of the Texas Tort Claims Act pled by Page and Vasquez do not waive the City's immunity. Section 101.021(1) requires the operation or use of a motor-driven vehicle or motor-driven equipment when proximately causing property damage[2] in order to waive the City's immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). Page and Vasquez have not alleged any facts in which a motor-driven vehicle or motor-driven equipment was operated or used which proximately caused Finn's death; and thus, have not pled facts establishing a valid waiver of immunity.

Additionally, section 101.0215 is not an independent waiver of the City's immunity.[3] *See City of Mission v. Cantu*, 89 S.W.3d 795, 802 (Tex. App.—Corpus Christi 2002, no pet.); *see also City of Cibolo v. LeGros*, No. 08-23-00291-CV, 2024 Tex. App. LEXIS 4174 (Tex. App.—El Paso June 14, 2024, no pet. h.) (mem. op.). Section 101.0215(a) provides a list of governmental functions, while (b) provides a list of proprietary

---

[1] To the extent Page's and Vasquez's pleadings under this section of the amended petition also attempt to raise a claim under the Fourth Amendment of the United States Constitution, our disposition here applies to that claim as well.

[2] Texas law labels pets as "property" for purposes of tort-law recovery. *See Strickland v. Medlen*, 397 S.W.3d 184, 188 (Tex. 2013).

[3] At the hearing, Page and Vasquez argued to the trial court that section 101.0215 *was* an independent waiver of the City's immunity.

functions. TEX. CIV. PRAC. & REM. CODE § 101.0215. A governmental unit such as the City of Waco is protected by immunity from suits based on its performance of governmental functions but not from suits based on its performance of proprietary functions. *Wasson Interests, Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 146 (Tex. 2018); *see Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). Thus, "[d]etermining a municipality's immunity from suit is a two-step inquiry…. First, we determine whether the function is governmental or proprietary…. If it is governmental, the second step is to determine whether immunity is waived under the Texas Tort Claims Act…." *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.) (internal citations omitted); *see also City of Mission v. Cantu*, 89 S.W.3d 795, 802 (Tex. App.—Corpus Christi 2002, no pet.). In this case, the waiver, if any, would be provided by section 101.021(1)—from the operation or use of a motor-driven vehicle or motor-driven equipment. TEX. CIV. PRAC. & REM. CODE § 101.021(1).

Page and Vasquez alleged that the City was acting pursuant to a governmental function. We agree; but because they have not alleged any facts that Finn's death was proximately caused by the City's operation or use of a motor-driven vehicle or motor-driven equipment, they have not pled facts establishing a valid waiver of immunity. *See id*.

*Negligence*

Page's and Vasquez's next stated cause of action is negligence. Under that heading in their amended petition, they allege a series of negligent acts which they assert caused Finn's death: negligent use of the City's GPS system, negligent training in the GPS

system, negligent training and supervision of the officer, and negligence of the officer for failing to use reasonable force. In none of these claims do Page and Vasquez allege facts of the operation or use of a motor-driven vehicle or motor-driven equipment. Thus, in the absence of such factual allegations, Page and Vasquez have not established a valid waiver of immunity for these negligence claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1); *State Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001).

### *Intentional Infliction of Emotional Distress*

Page's and Vasquez's last stated cause of action is intentional infliction of emotional distress. Immunity is not waived for intentional torts such as intentional infliction of emotional distress under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.057; *Petta*, 44 S.W.3d at 580; *DeHorney v. Talley*, 630 S.W.3d 297, 307 (Tex. App.—El Paso 2021, no pet.). Thus, Page and Vasquez have not established a valid waiver of immunity for this claim.

### PAGE 'S AND VASQUEZ'S ASSERTIONS ON APPEAL

Page and Vasquez claim on appeal that the City only alleged immunity from liability in its plea to the jurisdiction which does not affect subject matter jurisdiction. Thus, their argument continues, the trial court's order should be affirmed. Page's and Vasquez's contention is without merit. Subject matter jurisdiction can be raised for the first time on appeal by the parties or by the reviewing court, and a court is obligated to determine the existence of subject matter jurisdiction regardless of whether the parties have questioned it. *Tex. DOT v. Self*, 690 S.W.3d 12, 20 (Tex. 2024); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358-59 (Tex. 2004). Thus, even if the City

only alleged immunity from liability, a finding we do not make, an appellate court's review of a plea to the jurisdiction is not limited to the grounds set forth in the governmental unit's plea in the trial court. *Self*, 690 S.W.3d at 20.

Page and Vasquez also contend on appeal that the City is liable under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. Page and Vasquez did not raise these claims in their petition and on appeal, provided no facts or application of those facts to law which might waive the City's immunity. As we stated previously, creative pleading or simply mentioning a constitutional provision cannot effect a waiver of immunity. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 392 (Tex. 2011).

**OPPORTUNITY TO AMEND**

The question becomes, however, should Page and Vasquez be afforded the opportunity to amend their pleadings to bring their claims within a waiver of immunity? If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). In other words, a pleader must be given an opportunity to amend only if it is possible to cure the pleading defect. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). But, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Miranda*, 133 S.W.3d *Id.* at 227.

The pleadings in this case, as we have detailed, affirmatively negate the existence

of jurisdiction. There are no other facts that could be pled in support of Page's and Vasquez's pleadings, and Page and Vasquez do not suggest any that could be pled. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Thus, we are not required to remand this proceeding to the trial court so that Page and Vasquez may amend their pleadings.

CONCLUSION

This case involves the regrettable, tragic loss of a beloved dog. Page and Vasquez did nothing wrong; but, in this situation, the law just does not provide a remedy.

Accordingly, we reverse the trial court's denial of the City's plea to the jurisdiction and dismiss Page's and Vasquez's claims with prejudice. *See Harris County v. Sykes*, 136 S.W.3d 635, 636 (Tex. 2004) (holding that dismissal pursuant to a plea to the jurisdiction based on sovereign immunity is with prejudice).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Reversed and rendered
Opinion delivered and filed October 24, 2024
[CV06]

